## The Mayor, &c. of the City of New-York *vs.* Campbell and others.

In an action to recover the possession of demised premises, for the non-payment of rent, the complaint need not allege a demand of payment of the rent.

No notice of an intention to re-enter is necessary, either by common law or by statute; except where there is a sufficiency of goods and chattels on the premises, for the satisfaction of the rent.

Where it appears, on the face of the complaint, that there are not goods enough upon the premises to satisfy the rent, as where it is alleged that the premises consist of " a water lot, vacant ground, and soil under water," it is not necessary to aver that there is not a sufficiency of goods on the demised premises to satisfy the demand.

APPEAL from an order made at a special term, overruling the demurrer to the complaint. The complaint alleged that the plaintiffs, on the 6th day of August, A. D. 1816, were the owners in fee and possessed of all that certain *water lot, vacant ground, and soil under water*, lying and being on Harlem river, at what is commonly called " Bussing's Point," in the ninth ward

of the city of New-York, &c. describing it: and that, being so seised and possessed thereof, the plaintiffs did, on that day, sell and convey to Robert Macomb, and to his heirs and assigns forever, the said premises, with the appurtenances, subject to the payment therefor by the said Robert Macomb, his heirs and assigns, on the first day of May then next, and yearly and every year on the first day of May forever, of the rent of twelve dollars and fifty cents; with a clause of re-entry, in case of non-payment of rent. The plaintiffs averred that the defendant Dingee was in the possession of the premises, and that Duncan P. Campbell and John G. Smedburg claimed to have some title or interest in the premises, by purchase of the said Robert Macomb's title; and the plaintiffs also averred that Macomb had not, nor had the defendants or either of them, paid the aforesaid rent of twelve dollars and fifty cents, at the time or times aforesaid, but that the same was wholly due and unpaid since the said sixth day of August, 1816. Wherefore the plaintiffs demanded judgment for the possession of said premises, and the costs of this action.

The defendant Campbell demurred to the complaint, and showed, for grounds of demurrer, 1. That the plaintiffs did not allege that they had at any time demanded of him payment of the rent alleged to have been reserved in the lease mentioned in the complaint, or any part thereof. 2. That the plaintiffs did not aver that they had at any time given or served on him any notice of their intention to re-enter on the premises.

*E. Sandford*, for the appellant.

*J. Blunt*, for the plaintiffs.

*By the Court*, CLERKE, J. There are two causes of demurrer to the complaint in this action: 1. That it does not allege that the plaintiffs demanded payment of the rent; 2. That it does not aver notice of an intention to re-enter.

'I. This is a proceeding under the statute, (2 *R. S.* 505, § 30,) which expressly states, that in the action of ejectment for the

recovery of demised premises for the non-payment of rent, the service of the declaration shall be "deemed and stand instead of a demand," &c.

II. With regard to the second objection, no notice of re-entry is necessary by common law, or by statute, except where there is a sufficiency of goods and chattels on the premises for the satisfaction of the rent. The act of 1846,(a) requires that fifteen days' notice in writing, of the intention to re-enter, must be given. It is unnecessary to consider whether this provision of the act of 1846 applies to a case where the lease was executed before it was passed, (see *Williams* v. *Potter*, 2 *Barb. S. C. R.* 316,) because, on the face of the complaint, it is evident that there was not a sufficiency of goods to satisfy the demand. It is expressly alleged that the premises consisted of "a water lot, vacant ground, and soil under water." After such an allegation, to add that there was not a sufficiency of goods on the premises to satisfy the demand, seems to be unnecessary; and it is possible, if made, it might have induced some members of the profession, if the defendants happened to employ such, to move to have it stricken out as redundant, with $10 costs of the motion.

I think the complaint in all respects sufficient, and that the order made at special term should be affirmed, with costs.

[NEW-YORK GENERAL TERM, June 1, 1854. *Mitchell, Roosevelt* and *Clerke,* Justices.]

(a) Act to abolish distress for rent, &c. (*Laws of* 1846, *p.* 369.)